**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANA IGLESIAS,<br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>*Commissioner of Social Security*,<br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | NO. 1:24-CV-01834<br><br><br><br>(CAMONI, M.J.) |

**MEMORANDUM OPINION**

Plaintiff Ana Iglesias brought this action under 42 U.S.C. § 1383(c)(3), seeking judicial review of the final decision of the Commissioner of Social Security denying her claim for disability insurance benefits under Title II of the Social Security Act. Transcript, doc. 15-2 at 35. She challenges the Administrative Law Judge's (ALJ) residual functional capacity assessment. Pl.'s Br., doc 21 at 8, 12, 16. Because the ALJ's determinations are supported by substantial evidence, the Court will affirm the decision of the Commissioner.

## I. BACKGROUND

### A. Procedural History

On November 23, 2021, Iglesias applied for disability insurance benefits under Title II of the Social Security Act, alleging disability as of

October 1, 2020. Doc. 15-3 at 2. Following an initial denial, Iglesias submitted an appeal, requesting a hearing before an Administrative Law Judge. Doc. 15-4 at 14. The ALJ conducted the hearing and determined that Iglesias was not disabled. Doc. 15-2 at 35.

Iglesias filed a request for review of the ALJ's decision, which the Appeals Council denied. *Id.* at 2. The ALJ's decision, therefore, became the final decision of the Commissioner. 42 U.S.C. § 405(g). Pending before this Court is Iglesias's action seeking judicial review of the Commissioner's decision. Complaint, doc. 1. This case is fully briefed (docs. 21, 24, 29) and ripe for resolution. The parties consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, including entry of final judgment. Doc. 7.

### B. The Disability Determination Process

To determine whether a claimant is disabled under the Social Security Act, an ALJ applies a "five-step sequential evaluation process." 20 C.F.R. § 404.1520(a)(4). The ALJ assesses whether the claimant:

1. has engaged in substantial gainful activity since the onset of the alleged disability;
2. had a severe medically determinable impairment;

3. suffered from an impairment listed in the regulations as presumptively disabling;

4. could return to his past work; and

5. could perform other available work in the national economy.

*See* § 404.1520(a)(4)(i)–(v).

Between steps three and four, the ALJ also determines whether the claimant's RFC allows the claimant to continue his previous employment. § 404.1520(a)(4)(iv). RFC "is the most [a claimant] can still do despite" impairments. § 404.1545(a)(1). The claimant bears the burden of persuasion through step four, while at step five, the burden shifts to the Secretary to show that the claimant can perform substantial gainful employment other than the claimant's past relevant work. *Williams v. Sullivan*, 970 F.2d 1178, 1181 (3d Cir. 1992), citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

**C. Issues on Appeal**

After following the five-step sequential analysis, the ALJ determined that Iglesias "has not been under a disability . . . from October 1, 2020, through the date of this decision." Doc. 15-2 at 35. The ALJ determined at the RFC stage that Iglesias has the ability:

> to perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant would have four hours of standing and walking. The claimant could have frequent handling and occasional fingering with the right upper extremity. The claimant could have frequent using foot controls with the bilateral lower extremities. The claimant could have occasional balancing, stooping, kneeling, crouching, and climbing on ramps and stairs, but never climbing on ladders, ropes or scaffolds and crawling. The claimant can have occasional operating a motor vehicle. The claimant can have occasional exposure to concentrated atmospheric conditions, extreme cold, heat, wetness and humidity and never have exposure to vibration and hazards, such as unprotected heights and dangerous moving mechanical parts. The claimant can have exposure to moderate noise. The claimant is limited to understanding, remembering or applying simple instructions. The claimant is limited to frequent interaction with supervisors and coworkers and occasional interaction with the public. The claimant is limited to perform simple routine work, but not at a production rate pace (such as assembly line work).

*Id.* at 26. The ALJ denied Iglesias's disability claim at step five, after considering her "age, education, work experience, and residual functional capacity," because he found that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." *Id.* at 34.

Iglesias raises four issues on appeal, arguing that the ALJ erred by: (1) failing to properly evaluate the opinion of a treating psychiatrist; (2) failing to properly evaluate Iglesias's migraine headaches at step three;

(3) failing to properly consider Iglesias's obesity; and (4) failing to properly evaluate Iglesias's symptoms. Doc. 21 at 8, 12, 16, 21.

## II. <u>LEGAL STANDARD</u>

In reviewing the Commissioner's final decision denying a claimant's application for benefits, the Court is limited to determining whether the findings of the final decision-maker are supported by substantial evidence in the record. *See* 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g) by reference); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012). Under the substantial-evidence standard, a court examines an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019). Substantial evidence does not mean a large or considerable amount of evidence, but rather "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 103; *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Substantial evidence is less than a preponderance of the evidence but more than a mere scintilla. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A single piece of evidence is not substantial evidence if the ALJ

ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). In an adequately developed factual record, however, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966). "In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole." *Leslie v. Barnhart*, 304 F. Supp. 2d 623, 627 (M.D. Pa. 2003). In reviewing the record for substantial evidence, "[n]either the district court nor [the Third Circuit] is empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams*, 970 F.2d at 1182. To reverse the ALJ's findings and decision, the Court "must find that the evidence not only supports [a contrary] conclusion but compels it." *Immigr. & Naturalization Serv. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

The question before the Court, therefore, is not whether Iglesias is disabled, but whether the Commissioner's finding that Iglesias is not disabled is supported by substantial evidence and was reached based

upon a correct application of the relevant law. *See Arnold v. Colvin*, No. 12-2417, 2014 WL 940205, at *1 (M.D. Pa. Mar. 11, 2014) ("[I]t has been held that an ALJ's errors of law denote a lack of substantial evidence."); *Burton v. Schweiker*, 512 F. Supp. 913, 914 (W.D. Pa. 1981) ("The [Commissioner]'s determination as to the status of a claim requires the correct application of the law to the facts."); *see also Wright v. Sullivan*, 900 F.2d 675, 678 (3d Cir. 1990) (noting that the scope of review on legal matters is plenary); *Ficca*, 901 F. Supp. 2d at 536 ("[T]he court has plenary review of all legal issues decided by the Commissioner."). In determining that question, the Court must evaluate whether the ALJ's decision meets the burden of articulation necessary to enable judicial review; that is, the ALJ must articulate the reasons for his decision beyond stating bare conclusions. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000).

## III. ANALYSIS

Iglesias argues that the ALJ erred by failing to properly evaluate the treating psychiatrist's opinion, her migraine headaches, obesity, and other symptoms. Doc. 21 at 8, 12, 16, 21. After careful review, the Court

finds that the ALJ's decision was supported by substantial evidence and will affirm.

**A. The treating psychiatrist's opinion**

First, Iglesias asserts that the ALJ failed to properly evaluate the opinion of her treating psychiatrist, Dr. Jain. Doc. 21 at 8. Specifically, Iglesias argues that the ALJ erred by finding that "Dr. Jain's opinion was inconsistent with his own treatment notes" because Dr. Jain's treatment notes also support findings of mental impairments. *See id.* at 10.

Under the deferential standard afforded to the Commissioner's decision, the Court finds that the ALJ's decision is supported by substantial evidence. Although Iglesias may disagree with the ALJ's decision and point to parts of the factual record that support her conclusion, the Court must not re-weigh the evidence. *Williams*, 970 F.2d at 1182 (the district court is not empowered "to weigh the evidence or substitute its conclusions for those of the fact-finder."); *see also Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011) ("Courts are not permitted to re-weigh the evidence or impose their own factual determinations."). In any event, the possibility of drawing two inconsistent conclusions from the evidence does not prevent the ALJ's

decision from being supported by substantial evidence. *Consolo*, 383 U.S. at 620. Here, the presence of evidence that supports Iglesias's reading of Dr. Jain's opinion does not mean that the ALJ's decision finding her opinion unpersuasive was error.

When weighing medical opinions, ALJs "must consider a range of factors, but all they must *explain* are the reasons for their decisions.". *Zaborowski v. Comm'r of Soc. Sec.*, 115 F.4th 637, 638 (3d Cir. 2024). A finding that a treating source's opinion conflicts with the source's own treatment records suffices to explain the reason for an ALJ's decision. *See, e.g., Swank v. O'Malley*, No. 23-1244, 2024 WL 4858586, at *10 (M.D. Pa. Nov. 21, 2024) (finding no error in an ALJ's analysis of the consistency factor where the ALJ noted that a claimant's treating source's opinion was internally inconsistent and was at odds with many treatment notes); *see also Solberg v. O'Malley*, No. 23-2639, 2024 WL 1943328, at *6 (E.D. Pa. Apr. 30, 2024) (finding an ALJ's consistency assessment, which determined a medical opinion unpersuasive because it was inconsistent with the source's own treatment notes, "well-reasoned and adequate"). Here, the ALJ, by finding Dr. Jain's opinion unpersuasive because her opinion was inconsistent with her own

treatment notes, did not err. *See* Doc. 15-2 at 31. The ALJ further explained that while there were symptoms that supported Dr. Jain's opinion, "the treatment records from Dr. Jain and the other mental health treatment providers, contain very different findings that do not support and are not consistent with this opinion." *Id.* (specifying Dr. Jain's normal findings including Iglesias's "calm and cooperative behavior, good eye contact, normal speech, intact language, logical thought process."). "There was no need to say more than that." *Zaborowski*, 115 F.4th at 640.

The ALJ's evaluation of Dr. Jain's opinion, therefore, is supported by substantial evidence.

**B. Step three finding**

Iglesias next argues that the ALJ improperly evaluated her migraine headaches at step three. Doc. 21 at 12. Specifically, Iglesias asserts that the ALJ failed to properly consider Listing 11.02 by omitting an articulated analysis of the factors associated with Listing 11.02. *Id.* at 15. The Court disagrees.

An ALJ need not use particular language or adhere to a particular format in conducting his analysis. *Jones v. Barnhart*, 364 F.3d 501, 505

(3d Cir. 2024). Likewise, an ALJ is not required to identify or analyze the most relevant listing in conducting a step three analysis. *Wisniewski v. Comm'r of Soc. Sec.*, 210 F. App'x 177, 180 (3d Cir. 2006). Instead, "[a]n adjudicator must provide a rationale for a finding of medical equivalence in a decision that is sufficient for a subsequent reviewer or court to understand the decision." SSR 17-2p, 2017 WL 3928306, at *4 (S.S.A. 2017). Here, the ALJ provided an explanation that the Court can understand.

At step three, although the ALJ noted Iglesias had some level of headache activity, the ALJ found that the headache was managed with medications, exhibited no significant need for emergency room treatment, and assessed with normal diagnostic finding. *See* doc. 15-2 at 23. The ALJ proceeded to further detail the treatment record at the RFC stage, discussing Iglesias's own subjective reports of headaches and noting in detail the treatment record related to headaches that amounted to some treatment with medication. *Id.* at 28. Thus, the ALJ considered "the claimant's headaches alone and in combination with other impairments when evaluating the listings and when determining the limiting effects related to the claimant's symptoms." *Id.* at 23.

Iglesias's step three argument also fails as she has not attempted to show that her migraines meet or equal Listing 11.02 but only argues that the ALJ should have further discussed Listing 11.02 factors. Doc. 21 at 15. Iglesias must do more. *See Milano v. Comm'r of Soc. Sec.*, 152 F. App'x 166, 169 (3d Cir. 2005) (rejecting a step three argument because a claimant did not attempt to show that her impairments meet or equal any specific Listing).

As such, Iglesias has not established any error in the ALJ's evaluation of Iglesias's migraine headaches.

**C. Obesity**

Iglesias next argues that the ALJ erred at step three and in the RFC analysis because the ALJ "minimally discussed" Iglesias's obesity. Doc. 21 at 16. Under the Social Security regulations, obesity, "when established by objective medical evidence . . . from an acceptable medical source . . . is a [medically determinable impairment]." SSR 19-2p, 2019 WL 2161798, at *22924 (S.S.A. 2019). The Court of Appeals for the Third Circuit has required an ALJ to explain the reasoning and provide discussion of a claimant's obesity when it is determined as an impairment. *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 504–05 (3d Cir.

2009) ("ALJ, having recognized obesity as an impairment, should determine in the first instance whether, and to what extent, [claimant's] obesity, in combination with her [other impairments] impacted her workplace performance.").

The ALJ's burden of articulation on this issue is not high. *See id.* at 504 (emphasis added) ("Were there *any discussion* of the combined effect of [obesity], we might agree with the District Court."). "The ALJ's failure to explicitly delineate where obesity may have caused or contributed to specific symptoms and functional limitations does not undermine the entire analysis, when ultimately the ALJ properly characterized the symptoms and functional limitations." *McKean v. Colvin*, 150 F. Supp. 3d 406, 417 (M.D. Pa. 2015). Such is the case here.

The ALJ fully discussed Iglesias's obesity in crafting the RFC to meet the burden of articulation. *See* doc. 15-2 at 32; *Diaz*, 577 F.3d at 504. The ALJ acknowledged Iglesias's morbid obesity and discussed treatments for obesity, weight management, and medication. Doc. 15-2 at 27-28. Notably, the ALJ crafted the RFC with the combined effects of obesity specifically in mind. *Id.* at 29 (reducing Iglesias to the lowest exertional level at sedentary to account for the effects of reduced mobility

and stamina due to obesity); *id.* at 30 (providing specific limitation to the use of bilateral lower extremities based on the level of obesity along with other impairments). Because the ALJ provided sufficient consideration and discussion of obesity in crafting the RFC, the ALJ's decision was supported by substantial evidence.[1]

## IV. CONCLUSION

Accordingly, the Commissioner's decision will be **AFFIRMED**.

An appropriate order follows.

Date: August 17, 2026

s/*Sean A. Camoni*
Sean A. Camoni
United States Magistrate Judge

[1] The Court has considered Iglesias's remaining argument regarding the ALJ's symptom evaluation. Because it amounts to no more than disagreements with the ALJ's characterization of the record evidence, the Court rejects the argument. *See* doc. 21 at 21.